PS4-052                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3148
_____

RICHARD MARTIN,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-033-877)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Richard Martin, a citizen of Jamaica, was admitted to the United States in 1990,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

with authorization to remain for six months. In 2013, Martin was convicted in New Jersey of possession of more than 50 grams of marijuana or 5 grams of hashish, in violation of N.J. Stat. Ann. § 2C:35-10(A)(3). The Government charged Martin as removable for overstaying his period of admission, Immigration and Nationality Act (INA) § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)], and for having been convicted of a controlled substance offense, INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. Martin admitted the factual allegations in the Notice to Appear and applied for withholding of removal and protection under the United Nations Convention Against Torture (CAT). He alleged that he was persecuted on account of his imputed political opinion as the son of a Jamaican Labor Party (JLP) supporter.

The Immigration Judge (IJ) concluded that Martin was not credible because his "oral testimony . . . differ[ed] from his story in his application and statement." The IJ also determined that Martin failed to provide "reasonably available corroborative documents." Consequently, the IJ held that Martin had not established eligibility for withholding of removal. The IJ also stated that Martin was ineligible for CAT protection because the record did not demonstrate that the Jamaican government intended to torture him or would acquiesce in or exhibit willful blindness toward his torture. The Board of Immigration Appeals (BIA or Board) dismissed Martin's appeal. Martin filed a pro se petition for review of the BIA's decision.

We generally lack jurisdiction to review a final order of removal against a criminal alien, like Martin, who is removable for having committed an offense covered in INA § 237(a)(2). INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. We retain jurisdiction, however, to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005). "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction . . . ." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). In addition, our jurisdiction is limited to claims in which a petitioner "has exhausted all administrative remedies available . . . as of right." INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Martin argues that his New Jersey conviction does not constitute a controlled substance offense under INA § 237(a)(2)(B)(i).[1] Although we generally would have jurisdiction to review such a claim, see Rojas v. Att'y Gen., 728 F.3d 203, 207 (3d Cir. 2013), the issue has not been exhausted here. Martin did not contest his removability on appeal to the Board, INA § 242(d)(1), and the Board did not consider the issue sua sponte. See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008). Similarly, Martin did

_____

[1] Martin also asserts that he was not convicted of an aggravated felony, INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], or of a crime involving moral turpitude, INA § 237(a)(2)(A)(i) [8 U.S.C. § 1227(a)(2)(A)(i)]. This argument is misplaced, however, because Martin was not found removable or ineligible for relief based on those grounds.

not exhaust his claim that he is eligible for cancellation of removal, see INA § 240A(a) [8

U.S.C. § 1229b(a)], or his assertion that his attorney provided ineffective assistance.

Furthermore, the Board properly concluded that Martin was not eligible for a waiver of

inadmissibility because his conviction did not "relate[] to a single offense of simple

possession of 30 grams or less of marijuana." INA 212(h) [8 U.S.C. § 1182(h)]. Finally,

because Martin's brief fails to allege any error in the adverse credibility conclusion or in

the determination that he did not provide reasonably available corroborative evidence, he

waived any claims relating to withholding and CAT relief.[2] See Chen v. Ashcroft, 381

F.3d 221, 235 (3d Cir. 2004).

     Accordingly, we will deny the petition for review.

---

[2] Even if not waived, we would not have jurisdiction to review any challenge to the factual aspects of the adverse credibility and failure-to-corroborate determinations. See Abulashvili v. Att'y Gen., 663 F.3d 197, 202 (3d Cir. 2011) (adverse credibility findings are factual findings); Abraham v. Holder, 647 F.3d 626, 632 (7th Cir. 2011) (IJ's conclusion that applicant lacked sufficient credible evidence to meet standard for untimely asylum claim not a question of law).